## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON MORGAN, | ) CASE NO: 8:21-CV-00446 |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CYPRESS BENEFIT ADMINISTRATORS | ) AMENDED COMPLAINT |
| (LHS), A Tennessee Limited Liability | ) |
| Corporation, | ) |
|    Defendant. | ) |
| | ) |
| And/or | ) |
| | ) |
| KLAASMEYER & ASSOCIATES, INC., | ) |
| A Nebraska Corporation, | ) |
|    Defendant. | ) |

COMES NOW, Plaintiff Sharon Morgan and for her cause of action against Defendants does hereby state and allege the following:

### I.     VENUE AND JURISDICTIONAL STATEMENT

1.     The allegations made within this Petition are alleged in support of Sharon Morgan's claim against Defendant Cypress Benefit Administrators, LLC ("Cypress") and Klaasmeyer & Associates, Inc. (Klaasmeyer) for breach of contract in failing to process her health insurance claims, which arose out of an alleged August 4, 2018, motor vehicle accident during Plaintiff's employment with her then employer, Klaasmeyer.

2.     At the time of his accident, Morgan was a resident of Yutan, Saunders County, Nebraska and employed by Klaasmeyer.

3.     At all times relevant to the allegations stated herein, Defendant Cypress was authorized to conduct business in the State of Nebraska and was a 3rd party administrator who was contractually obligated to process health insurance claims, including for Morgan and her former employer, Klaasmeyer.

4.     Defendant Klaasmeyer is a Nebraska Corporation allowed to operate by the laws of the State of Nebraska.

5.      Morgan paid premiums to Klaasmeyer for health insurance coverage associated with her employment at Klaasmeyer including during the coverage period when Morgan's motor vehicle accident took place and thereafter until coverage ended.

6.      Klaasmeyer paid Cypress to administer or process health insurance claims in connection with the policy Morgan paid for during her employment with Klaasmeyer.

7.      Many of the acts taking place as alleged below and giving rise to Morgan's claim against Defendant Cypress and/or Klaasmeyer took place in and around Yutan, Saunders County, Nebraska.

8.      Said health insurance policy was governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461 ("ERISA").

9.      For the foregoing reasons, this Court is vested with jurisdiction over the parties and venue is proper in the United States District Court for the District of Nebraska.

## II.      FACTUAL ALLEGATIONS

10.      Plaintiff re-alleges and incorporates paragraphs 1 through 8 herein by this reference.

11.      On August 4, 2018, in Saunders County, Nebraska, Morgan was involved in a motor vehicle accident and suffered serious injuries.

12.      As a result of the accident, Morgan suffered an injury to her right knee requiring surgeries on August 14, 2018, and February 19, 2019.

13.      In addition to the surgeries, Morgan required additional medical treatment consisting of, but not limited to imaging tests, several courses of physical therapy, doctor appointments and prescription medications.

14.      Despite Cypress the 3rd party administrator being hired by Klaasmeyer to process medical charges, Cypress has yet to process various medical bills relating to treatment of Morgan's injuries resulting from the motor vehicle accident on August 4, 2018, including those relating to her two surgeries.

15.      Cypress had a legal and/or contractual duty to process medical bills on behalf of Morgan pursuant the contract between Cypress & Klaasmeyer, including reasonable medical care and medical appliances in accordance with the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461 ("ERISA").

16.     Defendant Cypress knew of or had access to all the information relating to Morgan's medical bills as pled herein and Defendant Cypress refused to or has failed to process some medical bills related to Morgan's August 4, 2018, motor vehicle accident.

17.     Defendant Cypress had no reasonable basis for failing to process medical bills for medical treatment Morgan required for injuries after the August 4, 2018, motor vehicle accident.

18.     Defendant Cypress' failure to process medical bills for medical treatment Morgan required for her right knee after the August 4, 2018, motor vehicle accident amounts to a breach of contract to the detriment of the Plaintiff and a violation of the provisions of ERISA.

19.     There was no factual or legal dispute that Morgan's medical care claims relating to her injuries were for reasonable and necessary medical care.

20.     Defendant has breached its contract with Klaasmeyer and the provisions of ERISA to the detriment of the Plaintiff in refusing to process medical claims on behalf of Morgan when first requested in one or more of the following ways:

(a) in failing to process the claims relating to Morgan's right knee medical care after August 8, 2018, without any reasonable basis for such denial;

(b) in forcing months of unreasonable delay in processing the medical bills requiring Morgan to deal with collection efforts and harassment by various medical entities.

21.     Defendant's bad faith conduct has damaged Morgan in the following ways:

(a) in delaying Morgan's access to benefits to which she was entitled, thus depriving her of the value of such benefits which otherwise would have earned income in an amount to be determined;

(c) in delaying Morgan's access to medical health insurance benefits to which she was entitled, thus depriving her of the use of such funds to improve her life and the lives of her family due to delays in obtaining treatment;

(d) in causing Morgan significant mental anguish by unnecessarily subjecting her to protracted litigation and wrongfully denying her the ability to improve her financial constraints created by his injury.

### III.     CLAIM AGAINST KLAASMEYER

22.     Plaintiff re-alleges and incorporates paragraphs 1 through 13 herein by this reference.

23. Klaasmeyer employed Morgan prior to and subsequent to August 4, 2018.

24. Klaasmeyer offered health insurance to Morgan as a condition of her employment.

25. Said health insurance policy was governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461 ("ERISA").

25. Morgan paid all health insurance premiums she was required to in order to maintain health insurance coverage during the time Klaasmeyer hired Defendant Cypress to process health insurance claims and while Morgan was employed by Klaasmeyer.

26. Despite Cypress the 3rd party administrator being hired by Klaasmeyer to process medical charges, Cypress has yet to process various medical bills relating to treatment of Morgan's injuries resulting from the motor vehicle accident on August 4, 2018, including those relating to her two surgeries.

27. Cypress had a legal and/or contractual duty to process medical bills on behalf of Morgan pursuant the contract between Cypress & Klaasmeyer, including reasonable medical care and medical appliances in accordance with the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461 ("ERISA") and in accordance with contract between Cypress & Klaasmeyer, including reasonable medical care and medical appliances.

28. Defendant Cypress knew of or had access to all the information relating to the Morgan's medical bills as pled herein and Defendant Cypress refused to or has failed to process some medical bills related to Morgan's August 4, 2018, motor vehicle accident.

29. There was no factual or legal dispute that Morgan's medical care claims relating to her injuries were for reasonable and necessary medical care.

30. Klaasmeyer failed to comply with the terms of the contract between Cypress and Klaasmeyer and provisions of ERISA to the detriment of the Plaintiff in refusing to process medical claims on behalf of Morgan when first requested in one or more of the following ways:

(a) in failing to comply with the terms of the agreement between Klaasmeyer and Cypress for Cypress to perform the service of processing the claims relating to Morgan's right knee medical care after August 8, 2018, without any reasonable basis for such denial;

(b) in forcing months of unreasonable delay in processing the medical bills requiring due to said failure resulting in Morgan to deal with collection efforts and harassment by various medical entities.

31.     Defendant Klaasmeyer's breach of contract and provisions of ERISA with Cypress has damaged Morgan in the following ways:

(a) in delaying Morgan's access to benefits to which she was entitled, thus depriving her of the value of such benefits which otherwise would have earned income in an amount to be determined;

(c) in delaying Morgan's access to medical health insurance benefits to which she was entitled, thus depriving her of the use of such funds to improve her life and the lives of her family due to delays in obtaining treatment;

(d) in causing Morgan significant mental anguish by unnecessarily subjecting her to protracted litigation and wrongfully denying her the ability to improve her financial constraints created by his injury.

WHEREFORE Plaintiff prays for an order from this court for the Plaintiff and against Defendant for special, general, and punitive damages, attorney fees and costs in an amount to be proven at trial.

Dated: April 1, 2022.

SHARON MORGAN,
Plaintiff,


By: /s/Roger D. Moore
    Roger D. Moore, #21305
    REHM, BENNETT, MOORE & REHM
    3701 Union Drive, Suite 200
    Lincoln, NE 68516
    (402) 420-1400
    (402) 420-1508 Fax
    rmoore@rehmlaw.com
    Attorneys for Plaintiff